# EXHIBIT A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BRIGGS LAW CORPORATION [FILE: 2060.01]
Cory J. Briggs (SBN 176284)
Nora Pasin (SBN 315730)
99 East "C" Street, Suite 111
Upland, CA 91786
Telephone: 909-949-7115

Attorneys for Plaintiff Project for Open Government

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

12/15/2021 at 03:12:36 PM
Clerk of the Superior Court
By Andrea Naranjo,Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO – CENTRAL DIVISION

| | |
|---|---|
| PROJECT FOR OPEN GOVERNMENT, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF SAN DIEGO; and DOES 1 through 100, <br><br> Defendants. | CASE NO. 37-2021-00052364-CU-MC-CTL <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Plaintiff PROJECT FOR OPEN GOVERNMENT ("PLAINTIFF") alleges as follows:

**Parties**

1.      PLAINTIFF is a non-profit corporation formed and operating under the laws of the State of California.  It serves as a government "watchdog" for purposes of making sure that public agencies and officials are transparent in their conduct, accountable for their conduct, and conform their conduct to all applicable legal requirements.  At least one of PLAINTIFF's members resides in and pays taxes in the County of San Diego.

2.      Defendant COUNTY OF SAN DIEGO ("COUNTY") is a political sub-division of the State of California.  Its governing body is COUNTY's Board of Supervisors (the "BOS"), which also constitutes COUNTY's "legislative body" under Government Code Section 54952(a).

3.      The true names and capacities of the Defendants identified as DOES 1 through 100 are unknown to PLAINTIFF, who will seek the Court's permission to amend this pleading in order to allege

the true names and capacities as soon as they are ascertained.  PLAINTIFF is informed and believes and on that basis alleges that each of the fictitiously named Defendants 1 through 100 has some cognizable interest in the subject matter of this lawsuit.

4.     PLAINTIFF is informed and believes and on that basis alleges that, at all times stated in this pleading, each Defendant was the agent, servant, or employee of every other Defendant and was, in doing the things alleged in this pleading, acting within the scope of said agency, servitude, or employment and with the full knowledge or subsequent ratification of his/her/its principals, masters, and employers.  Alternatively, in doing the things alleged in this pleading, each Defendant was acting alone and solely to further his/her/its own interests.

**Jurisdiction and Venue**

5.     The Court has jurisdiction over this lawsuit pursuant to the U.S. Constitution; the California Constitution; Government Code Section 54950 *et seq.* (the Ralph M. Brown Act); and Code of Civil Procedure Section 526 and Section 1060 *et seq.*, among other provisions of law.

6.     Venue in this Court is proper because the obligations, liabilities, and/or violations of law alleged in this pleading occurred in the County of San Diego in the State of California.

**Background Facts**

7.     On or about November 10, 2021, the BOS adopted Resolution no. 21-174 (the "Resolution").  The Resolution made changes to the BOS's Rules of Procedure.  A true and correct copy of the Resolution is attached to this pleading as Exhibit "A."

8.     Plaintiff opposes the Resolution because certain changes to the BOS's Rules of Procedure violate the applicable legal authorities.

**FIRST CAUSE OF ACTION:**
**Violation of Free-Speech Rights**
(Against All Defendants)

9.     The preceding allegations in this pleading are fully incorporated into this paragraph.

10.     Under the Resolution, changes made to the BOS's Rules of Procedure violate the free-speech rights of members of the public who desire to address the BOS during public meetings, in violation of the federal and state constitutions.  By way of example and not limitation:

A.      The changes authorize the BOS Chairperson to admonish any member of the public addressing the BOS during a public meeting if the Chairperson determines that the speaker is making "discriminatory or harassing remarks."  The changes define "discriminatory or harassing remarks" to include "legally protected speech in a Board meeting that disparages an individual or group based on their perceived race, religion, sexual orientation, ethnicity, gender, disability, etc. [*sic*] or other hate speech but does not rise to the level of a criminal threat or inciting violence."

B.      Speech that does not rise to the level of a criminal threat and that does not incite violence is legally protected speech.  Under the changes, however, the BOS Chairperson is authorized to admonish any member of the public for engaging in lawful speech – that is, speech that does not rise to the level of a criminal threat and that does not incite violence – if the Chairperson alone dislikes the content of the speech.

C.      The definition of "discriminatory or harassing remarks" is impermissibly vague because it includes "etc." among the types of lawful speech that could subject a speaker to admonishment by the BOS Chairperson, thereby giving too much enforcement discretion to the BOS's Chairperson and insufficient prior notice to members of the public as to what speech will be subject to admonishment.

D.      The unbridled discretion given to the BOS's Chairperson to admonish legally protected speech and the vague and all-encompassing definition of "discriminatory or harassing remarks" has chilled the exercise of free-speech rights by members of the public during the BOS's public meetings, and it continues to do so.

11.     PLAINTIFF is informed and believes and on that basis alleges that an actual controversy exists between PLAINTIFF, on the one hand, and Defendants, on the other hand, concerning the public's free-speech rights during public meetings.  As alleged in this pleading, PLAINTIFF contends that the Resolution's changes to the BOS's Rules of Procedure violate one or more free-speech rights of members of the public during public meetings; whereas Defendants dispute PLAINTIFF's contention.

12.     PLAINTIFF desires a judicial determination and declaration as to whether the Resolution's changes to the BOS's Rules of Procedure violate one or more free-speech rights of

members of the public during public meetings, as well as an order prohibiting any unlawful enforcement of the changes.

**SECOND CAUSE OF ACTION:**
**Violation of Open-Government Laws**
(Against All Defendants)

13.     The preceding allegations in this pleading are fully incorporated into this paragraph.

14.     Under the Resolution, changes made to the BOS's Rules of Procedure violate state open-government laws applicable to the BOS during public meetings.  By way of example and not limitation:

A.     At all times relevant to this lawsuit, Government Code Section 54954.3(a) has provided in part as follows: "Every agenda for regular meetings shall provide an opportunity for members of the public to directly address the legislative body on any item of interest to the public, before or during the legislative body's consideration of the item, that is within the subject matter jurisdiction of the legislative body. . . ."

B.     At all times relevant to this lawsuit, Government Code Section 54954.3(b)(1) has provided as follows: "The legislative body of a local agency may adopt reasonable regulations to ensure that the intent of subdivision (a) is carried out, including, but not limited to, regulations limiting the total amount of time allocated for public testimony on particular issues and for each individual speaker."

C.     The BOS's agendas for regular public meetings usually include a Consent Calendar that contains multiple separate, unrelated agenda items that are not expected to be controversial at the time the agenda is published.  Prior to the changes made to the BOS's Rules of Procedure:

1.     Any member of the public could request that one or more items of interest on the Consent Calendar be removed therefrom and considered by the BOS separately from items on the Consent Calendar that were not the subject of such a request, the latter being approved collectively *en masse* by a single vote of the BOS.

2.     Each item considered separately by the BOS would typically be supported by an oral staff presentation given at the start of the BOS's consideration of the item, thereby providing important information about the item to members of the public observing the meeting, including but

not limited to the person who requested that the item be removed from the Consent Calendar for separate consideration.

        3.    After the oral staff presentation on an item being considered separately by the BOS and before the BOS deliberates and votes on the item, members of the public would typically be given at least two minutes to comment on the item and make their views known to the BOS.

        4.    After considering any public comments made on the item, the BOS would typically deliberate and vote on the item.

    D.    Based on the changes made to the BOS's Rules of Procedure:

        1.    Individual members of the public are now prohibited from requesting that one or more items of interest on the Consent Calendar be removed therefrom and considered by the BOS separately from items on the Consent Calendar that were not the subject of such a request.

        2.    Individual members of the public are now given a maximum of two minutes to address all items of interest on the Consent Calendar *en masse*, even when multiple items on the Consent Calendar are of interest to the individual.

    E.    The changes made to the BOS's Rules of Procedure (*i*) no longer provide a reasonable opportunity for members of the public to directly address the BOS on two or more Consent Calendar items that interest the public; and (*ii*) limit the public's right of access to information concerning the conduct of the people's business but were not adopted with findings demonstrating the interest protected by the limitation and the need for protecting that interest.

15.    PLAINTIFF is informed and believes and on that basis alleges that an actual controversy exists between PLAINTIFF, on the one hand, and Defendants, on the other hand, concerning the BOS's open-government obligations during public meetings.  As alleged in this pleading, PLAINTIFF contends that the Resolution's changes to the BOS's Rules of Procedure violate one or more of the BOS's open-government obligations during public meetings; whereas Defendants dispute PLAINTIFF's contention.

16.    PLAINTIFF desires a judicial determination and declaration as to whether the Resolution's changes to the BOS's Rules of Procedure violate one or more of the BOS's open-

government obligations during public meetings, as well as an order prohibiting any unlawful enforcement of the changes.

## Prayer

FOR ALL THESE REASONS, PLAINTIFF respectfully prays for the following relief against all Defendants (and any and all other parties who may oppose PLAINTIFF in this lawsuit) jointly and severally:

A. *On the First Cause of Action*:

1. A judgment determining or declaring that the changes to the BOS's Rules of Procedure violate the free-speech rights of members of the public.

2. Injunctive relief prohibiting Defendants from enforcing any portion of the BOS's Rules of Procedure that in any manner violates the free-speech rights of members of the public.

B. *On the Second Cause of Action*:

1. A judgment determining or declaring that the changes to the BOS's Rules of Procedure violate the open-government obligations of the BOS.

2. Injunctive relief prohibiting Defendants from enforcing any portion of the BOS's Rules of Procedure that in any manner violates the open-government obligations of the BOS.

C. *On All Causes of Action*:

1. All attorney fees and other legal expenses incurred by PLAINTIFF in connection with this lawsuit.

2. Any further relief that this Court may deem appropriate.

Date: December 15, 2021.          Respectfully submitted,

BRIGGS LAW CORPORATION

By:  *Cory J. Briggs*
          Cory J. Briggs

Attorneys for Plaintiff Project for Open Government

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Exhibit "A"

Resolution No. 21-174
Meeting Date: November 10, 2021 (01)

## RESOLUTION AMENDING THE
## RULES OF PROCEDURE OF THE SAN DIEGO
## COUNTY BOARD OF SUPERVISORS

WHEREAS, the Board of Supervisors desires to make necessary changes to its Rules of Procedure to promote more equitable, civilized public engagement while continuing to honor the rights of all under the First Amendment and free speech principles.

NOW THEREFORE BE IT RESOLVED THAT the proposed amended Rules of Procedure as presented to the Board on November 10, 2021, a copy of which is attached hereto as "Exhibit A" and incorporated herein are hereby approved, including any changes thereto that may be approved by the Board at the meeting and shall become effective immediately; and

BE IT FURTHER RESOLVED THAT the Clerk of the Board of Supervisors is directed to finalize the amended Rules of Procedure in accordance with the direction of the Board including creation of a final document without edits or redlines and including any necessary conforming changes, and promulgate the same according to the Clerk of the Board's procedures for the benefit of the County and the public.

Approved as to Form and Legality

LONNIE J. ELDRIDGE, County Counsel

ON MOTION of Supervisor Desmond, seconded by Supervisor Fletcher, the above Resolution was passed and adopted by the Board of Supervisors, County of San Diego, State of California, on this 10th day of November 2021, by the following vote:

AYES:       Vargas, Lawson-Remer, Fletcher,
NOES:       Anderson
ABSENT:     Desmond

STATE OF CALIFORNIA)
County of San Diego)SS

I hereby certify that the foregoing is a full, true and correct copy of the Original Resolution entered in the Minutes of the Board of Supervisors.

ANDREW POTTER
Clerk of the Board of Supervisors

By: _____
      M. Ruffier, Deputy

Resolution No. 21-174
Meeting Date: 11/10/2021 (01)

**EXHIBIT A**



# San Diego County
# Board of Supervisors
# Rules of Procedure



Amended: June 8, 2021
Proposed: November 10, 2021

# Table of Contents

...................................................................................................................................... 1
Rule 1. TIME AND PLACE OF MEETINGS OF THE BOARD OF SUPERVISORS.............. 3~~3~~
Rule 2. AGENDA FOR MEETINGS OF THE BOARD OF SUPERVISORS .......................... 4~~4~~
Rule 3. ORDER OF BUSINESS FOR MEETINGS OF THE BOARD OF   SUPERVISORS... 8~~8~~
Rule 4. PUBLIC PARTICIPATION IN MEETINGS OF THE BOARD OF SUPERVISORS
............................................................................................................................................. 11~~11~~
Rule 5. NOMINATION AND SELECTION OF CHAIRPERSON, VICE CHAIRPERSON AND
CHAIRPERSON PRO TEM OF THE BOARD OF SUPERVISORS AND STATE OF THE
COUNTY ADDRESS............................................................................................................. 16~~13~~
Rule 6. MOTIONS DURING MEETINGS OF THE BOARD OF SUPERVISORS .............. 17~~14~~
Rule 7. RETENTION OF EXHIBITS AND DOCUMENTARY MATERIAL RECEIVED IN
HEARINGS BEFORE THE BOARD OF SUPERVISORS ..................................................... 19~~16~~
Rule 8. CONFERENCES OF THE BOARD OF SUPERVISORS.......................................... 21~~18~~
Rule 9. OVERRULING THE CHAIRPERSON OF THE BOARD OF SUPERVISORS....... 21~~18~~
Rule 10. CEREMONIAL FUNCTIONS AND PROCLAMATIONS...................................... 21~~18~~
Rule 11. SUSPENSION OF RULES OF PROCEDURE ........................................................ 21~~18~~
Rule 12. AMENDMENT OF RULES OF PROCEDURE ....................................................... 21~~18~~
Rule 13. POLICIES TO IMPLEMENT RULES OF PROCEDURE ....................................... 21~~18~~
Rule 14. PARLIAMENTARY PROCEDURE ........................................................................ 21~~18~~
Log of Amendments ................................................................................................................ 22~~19~~

## Rule 1. TIME AND PLACE OF MEETINGS OF THE BOARD OF SUPERVISORS

(a)     Except as otherwise provided in this Rule, a regular meeting of the Board shall be held on Tuesday and Wednesday of each week commencing at the hour of 9:00 a.m. in the Board of Supervisors Chamber (Room 310) or Conference Rooms located at the San Diego County Administration Center, 1600 Pacific Highway, San Diego, California or the County Operations Center, Campus Center Chambers, 5520 Overland Avenue, San Diego, California. The Tuesday portion of the meeting shall be known as the Tuesday session. The Wednesday portion of the meeting is to be known as the Land Use session. The Tuesday and Land Use sessions shall constitute a single meeting for purposes of these rules. No meeting shall commence prior to the time specified in this subsection.

(b)     When a Tuesday session day is a holiday, the Tuesday session shall be held on Wednesday at the same place at 9:00 a.m. and the Land Use session shall be continued to Thursday at the same place at 9:00 a.m. When the Land Use session day is a holiday, the Land Use session shall be held on Thursday at the same place at 9:00 a.m.

(c)     The Board may designate legislative activity weeks and Board recess periods during which regular meetings of the Board will not be held. The Clerk of the Board shall maintain the official meeting calendar and shall make the calendar available on the County's Internet Web Site and in Room 402 of the County Administration Center.

(d)     Any meeting of the Board may be adjourned to any date and time when necessary for the transaction of business (an adjourned meeting). Any adjourned meeting of the Board is part of a regular meeting.

(e)     Special meetings of the Board may be called pursuant to and in accordance with Section 54956 of the Government Code. The Clerk shall prepare the notice and call of any special meeting. The notice shall specify the time and place of the special meeting and the business to be transacted. No other business shall be considered at such special meeting. A copy of the notice of a special meeting shall also be posted at the places designated in subsection (b) of Rule 2.

*Red underlined text depicts additions*
*Red strikethrough text depicts deletions*
*Green text depicts text was moved from another section*

3

## Rule 2. AGENDA FOR MEETINGS OF THE BOARD OF SUPERVISORS

(a) Items for the agenda for any regular meeting of the Board may be included on the agenda only with the approval of the Chief Administrative Officer; provided, however, Board Members may file an item for the agenda for a regular meeting directly with the Clerk.

(b) The Clerk shall prepare and issue an agenda for each regular meeting session of the Board. Items filed with the Clerk for the agenda shall be complete. The Clerk shall not accept any additional material on an agenda item or any new agenda item except those approved by the Chairperson and the County Counsel as noted below. All items to be included on the agenda for the regular Tuesday session of the Board must be filed in the Office of the Clerk no later than 12:00 Noon on the Monday, 8 days before the Tuesday session, except for the closed session agenda which must be filed by County Counsel in the Office of the Clerk no later than 8:30 a.m. on the Friday, 4 days before the Tuesday session. If Monday is a holiday, Tuesday open session items must be filed in the Office of the Clerk no later than 12:00 Noon on the Friday preceding the holiday. If Friday is a holiday, the closed session agenda for the Tuesday meeting must be filed in the Office of the Clerk no later than 8:30 a.m. on the last business day preceding the holiday. All items to be included on the agenda for the Land Use session of the Board must be filed in the Office of the Clerk no later than 12:00 Noon on the Thursday, 13 days prior to the Land Use session, except for the closed session agenda which must be filed by County Counsel in the Office of the Clerk no later than 8:30 a.m. on the Friday, 5 days prior to the Land Use session. If Thursday is a holiday, Land Use open session items must be filed in the Office of the Clerk no later than 12:00 Noon on the Wednesday preceding the holiday. If Friday is a holiday, the closed session agenda for the Land Use session must be filed in the Office of the Clerk no later than 8:30 a.m. on the last business day preceding the holiday.

After the agenda for any session of the Board is issued by the Clerk, no additional item or additional back-up material will be added to the agenda unless the addition of the item to the agenda has been approved by the Board at a previous meeting or is submitted by County Counsel for closed session. However, with the consent of the Chairperson, Board members, the Chief Administrative Officer and designees, may place items on the agenda for an open session where such late items require immediate action at the next appropriate Board meeting and would have a substantial detrimental effect (such as financial) on the County or public, if not acted upon. All late items must include an explanation in the Overview or introductory section of the Board Letter as to why the item requires immediate action at the next Board meeting and why there would be a substantial detrimental effect (such as financial) on the County or public if not acted upon. All late items approved for inclusion on the agenda must be filed in the Office of the Clerk no later than 8:30 a.m. on the Friday preceding the meeting date; or if Friday is a holiday, by 8:30 a.m. on the last business day preceding the holiday.

Written disclosures required by Section 1000.1 of the San Diego County Charter filed with the Clerk of the Board will automatically be processed by the Clerk in accordance

*Red underlined text depicts additions*
*Red strikethrough text depicts deletions*
*Green text depicts text was moved from another section*

4

with the requirements of the Charter. Supplemental disclosures filed at a meeting of the Board of Supervisors will be announced by the Clerk of the Board.

The Chief Administrative Officer shall determine the placement of agenda items within subject matter designations and shall determine the placement of agenda items on the Consent Calendar or as Discussion Items., and shall identify presentation matters with an asterisk to be placed alongside the agenda number. The Consent Calendar may include routine items that are not required to be on the Discussion Items section of the agenda. The agenda for each session shall be issued and posted by the Clerk no later than the preceding Thursday. The agenda also shall include notice of items to be heard by the Board in its separate and distinct capacity as:

- Board of Directors of the San Diego County Fire Protection District
- Board of Directors of the San Diego County Flood Control District
- Board of Commissioners of the Housing Authority of San Diego County
- Board of Directors of the County of San Diego Successor Agency to the County of San Diego Redevelopment Agency
- Boards of Directors of the County of San Diego Sanitation District

Each agenda shall be posted outside the entrance of the San Diego County Administration Center as indicated in Board Policy A-72 and on the bulletin board located at the North Chamber (Room 310), Third Floor, County Administration Center. Copies of the agenda, agenda back-up material, Board of Supervisors Policies, Board of Supervisors Rules of Procedure, and Statements of Proceedings shall be available in the Office of the Clerk and on the County's Internet Web Site. The agenda shall be made available to the Chairperson of each Planning Group, Sponsor Group, community newspaper and daily newspaper. The Clerk of the Board is directed to use the most efficient and cost-effective means to make the agenda available. The primary means of distribution shall be through the County Internet Web Site, followed by electronic mail, and followed by United States Postal Mail Service. Subscriptions to receive e-mail notifications when new agendas are available are managed by the Clerk of the Board. Mail subscriptions to the agendas and Statements of Proceedings may be procured through the County's document services vendor.

(c)     Notwithstanding the provisions of subsection (a) of this Rule, if the Board continues an agenda item scheduled for the Tuesday or the Land Use session for one or two weeks in order to receive additional staff reports, the additional staff report must be filed in the Office of the Clerk no later than 8:30 a.m. on the Friday preceding the meeting date; or if Friday is a holiday, by 8:30 a.m. on the last business day preceding the meeting date.

(d)     As required by the Ralph M. Brown Act, items not on the posted agenda for a meeting shall not be considered by the Board except as follows:

(1)     Upon determination by a majority vote of the Board that an emergency situation exists, as defined in Government Code Section 54956.5. The determination shall

*Red underlined text depicts additions*
*Red strikethrough text depicts deletions*
*Green text depicts text was moved from another section*                                    5

be made prior to Board consideration of the emergency item. An emergency situation is limited to:

(a)     emergency - work stoppage, crippling activity, or other activity that severely impairs public health, safety or both.

(b)     dire emergency - crippling disaster, mass destruction, terrorist act, or threatened terrorist activity that may endanger the public health, safety, or both.

(2)     Upon determination by a two-thirds vote of the Board Members present, or a unanimous vote if less than two-thirds of the Members are present, that there is a need to take immediate action and that the need for action came to the attention of local agency subsequent to the agenda being posted. The determination shall be made prior to Board consideration of the item.

(3)     The item was posted for a prior session occurring not more than five calendar days prior to the date action is taken on the item and at which prior session, the item was continued to the session at which action is being taken.

Whenever an off-docket item is presented by a Board Member or the Chief Administrative Officer, it shall be submitted with a cover sheet prepared by the Board Member or Chief Administrative Officer and headed "Chairperson's Statement to Public to be Read on the Record." This cover sheet shall contain the subject title of the item, a short explanation of the matter and, if any, the recommendation.

(e)     Any item on the posted agenda for a regular Tuesday or Land Use session which has not been considered or acted upon shall be deemed continued to the next regular Tuesday or Land Use session. Such item shall be relisted on the agenda pursuant to subsection (a) of this Rule and all material relating to the item shall be redistributed with the agenda.

(f)     A quorum of three members must be present in order for the Board to conduct business, including presentation of Proclamations and special awards. Three votes are required for the adoption of any motion that is in order, except where the law requires or permits otherwise.

(g)     In the event a motion fails because of a tie vote, the Board may continue the item for consideration at a future meeting. If for any reason the Board fails to continue such item, the Clerk shall place the item on the agenda for the next regular meeting. The provisions of this subsection shall not apply to items coming within subsections (h) or (i) of this Rule.

(h)     Whenever the Board of Supervisors holds a hearing on a planning and zoning and land use matter subject to Article XXIa of the Administrative Code and thereafter takes no action because a motion on the item failed to carry by the required affirmative vote, the

*Red underlined text depicts additions*
*Red strikethrough text depicts deletions*
*Green text depicts text was moved from another section*

6

Board may at that meeting continue the matter for future consideration. If the Board does not do so, any member of the Board may, within thirty days after the date on which the motion failed to carry, docket with the Clerk of the Board a request that the Board reconsider the matter. If no such request is docketed within said 30-day period, or if the Board after reconsidering the matter again fails to take action because a motion thereon fails to carry by the required affirmative vote, then the following shall occur:

(1) If the matter is an appeal from a decision of a lower decision-making body, the decision from which the appeal was taken shall be deemed sustained.

(2) If the matter is one which by statute or ordinance is under the original jurisdiction of the Board of Supervisors, so that no lower decision has been made, then the matter shall be deemed disapproved.

(i) Whenever the Board directs that any item on the agenda be continued to a future date, the Clerk shall list such item on the regular agenda of such future date.

(j) The following persons are authorized to place matters on the agendas of regular meetings of the Board:

(1) Members of the Board of Supervisors;

(2) The Chief Administrative Officer and designees;

(3) The County Counsel with Chairperson's approval for closed sessions only; the Chairperson shall coordinate scheduling and notification of Closed Session with all Board members and appropriate County staff.

All other elected officials of the County shall file items (using the prescribed format) for the agenda with the Chief Administrative Officer.

Requests for placement of items on the agenda by other persons or agencies must contain a brief summary of the subject matter of what is proposed to be orally presented to the Board; copies of any supporting documentary material, if appropriate; and the name(s) of the person(s) who will make the presentation. The request(s) will be referred by the Clerk to the Chief Administrative Officer, who shall make a recommendation to the Chairperson. With the concurrence of the Chairperson, the Chief Administrative Officer may place the request as an item on the agenda, with the recommendation of the Chief Administrative Officer, on the date designated by the Chairperson.

(k) If there is an item on the agenda which is reasonably expected to generate or involve considerable public participation, after consultation with and with the approval of the Chairperson, the Clerk shall set the time at which the item will be heard so as to minimize inconvenience to the participating public, such as setting the time at which the item will be heard at 10:00 a.m. or 2:00 p.m. The Chairperson shall limit the number of set matters to no more than two or three per session.

*Red underlined text depicts additions*
*Red strikethrough text depicts deletions*
*Green text depicts text was moved from another section*

7

## Rule 3. ORDER OF BUSINESS FOR MEETINGS OF THE BOARD OF SUPERVISORS

(a)     The schedule of business for the Tuesday session shall be:

9:00 a.m. - 12:00 noon - Agenda Matters
12:00 noon - 1:00 p.m. - Recess
1:00 p.m. - Until Adjournment into Closed Session Agenda Matters
Closed Session (if necessary) - Closed Session Agenda Matters
County Counsel will report on Closed Session actions (if necessary) at the Wednesday session

(b)     The order of business of the regular session held on Tuesday shall be:

- Roll Call
- Invocation
- Pledge of Allegiance
- Presentation of Proclamations
- Non-Agenda Public Communication, pursuant to Rule 4 (f)(a)(7)
- Approval of Minutes
- Consent Calendar: All agenda items listed under this section are considered to be routine and will be acted upon with one motion. There will be no separate discussion of these items unless a member of the Board of Supervisors or the Chief Administrative Officer so requests, in which event, the item will be considered separately in its normal sequence. Approval for such items shall be the recommendation of the Chief Administrative Officer, or, in the event the item has been filed by a Member of the Board, the recommendation of the Member of the Board.
- Agenda review at call of the Chairperson to identify those items on agenda which a Member of the Board or of the public requests the opportunity to discuss.
- Approval at the call of the Chairperson of those items for which there is no request for discussion.   Approval for such items shall be the recommendation of the Chief Administrative Officer, or, in the event the item has been filed by a Member of the Board, the recommendation of the Member of the Board.
- Discussion Items: of items that the public has requested an opportunity to discuss shall be taken in sequential order followed by discussion of all other items to be discussed. Discussion items shall be taken in sequential order; provided, however, the Chairperson may take items out of sequential order for the purpose of accommodating the public or expediting the conduct of the meeting.
- Board Member Committee Updates. This is an opportunity for Members of the Board to provide informational updates on their committee assignments. No action may be taken.
- Closed Session (if necessary).

The Chairperson may alter or deviate from this schedule.

*Red underlined text depicts additions*
*Red strikethrough text depicts deletions*
*Green text depicts text was moved from another section*

8

(c)   The agenda of Special Districts will generally be considered during the week of the month indicated below:

County of San Diego Successor Agency to County of San Diego Redevelopment Agency
— First Tuesday meeting of month at 9:00 a.m.

Housing Authority of the County of San Diego
— First Wednesday meeting of month at 9:00 a.m. preceding Board of Supervisors discussion items.

San Diego County Fire Protection District
— First Tuesday meeting of month at 9:00 a.m.

San Diego County Flood Control District
— Second Wednesday meeting of month at 9:00 a.m.

Sanitation District
— Second Wednesday meeting of month at 9:00 a.m.

Reports/Issue Updates from other County elected officials, Assessor/Recorder/County Clerk, Treasurer-Tax Collector, Sheriff and District Attorney, will be scheduled by the Chairperson, as appropriate.

With usual notice to the public by posting and making copies available, agendas for Special Districts may be considered on other Tuesdays or Wednesdays if there are urgent items or items related to another agenda to be considered by the Board in its other governing body capacities.

*Red underlined text depicts additions*
*Red strikethrough text depicts deletions*
*Green text depicts text was moved from another section*

9

(d) The schedule of business for the Land Use agenda session shall be:

   9:00 a.m. - 12:00 Noon  Land Use Matters
   County Counsel will report on Closed Session actions (if necessary)
   12:00 Noon - 1:00 p.m. Recess
   1:00 p.m. - Until Adjournment into Closed Session Land Use Matters (if necessary)
   Closed Session (if necessary)

(e) The order of business of the regular Land Use session shall be:

   - Roll Call
   - County Counsel will report on Closed Session actions (if necessary)
   - Non-Agenda Public Communication, pursuant to Rule 4(f)(a)(7)
   - Approval of Minutes
   - Consent Calendar: All items listed under this section are considered to be routine
     and will be acted upon with one motion. There will be no separate discussion of
     these items unless a member of the Board of Supervisors or the Chief
     Administrative Officer so requests, in which event, the item will be considered
     separately in its normal sequence. Approval for such items approval shall be in
     accordance with the recommendation of the Chief Administrative Officer,
     Planning Commission, or Planning and Environmental Review Board. In the
     event the item has been filed by a Member of the Board, approval shall be in
     accordance with the recommendations of the Member of the Board.
   - Agenda review at the call of Chairperson to identify those items on the agenda on
     which a member of the Board or of the public requests the opportunity to discuss.
   - At the call of the Chairperson of those items for which there is no request for
     discussion, approval shall be in accordance with the recommendation of the Chief
     Administrative Officer, Planning Commission, or Planning and Environmental
     Review Board. In the event the item has been filed by a Member of the Board,
     approval shall be in accordance with the recommendations of the Member of the
     Board.
   - Discussion Items: Discussion of items shall be taken in sequential order;
     provided, however, the Chairperson may take items out of sequential order for the
     purpose of accommodating the public or expediting the conduct of the meeting.
   - Closed Session (if necessary)
   - County Counsel will report on Closed Session actions (if necessary).

   The Chairperson may alter or deviate from this schedule.

(f) The Chairperson shall coordinate scheduling and notification for meetings with Board
   Members and appropriate County staff.

*Red underlined text depicts additions*
*Red strikethrough text depicts deletions*
*Green text depicts text was moved from another section*

10

## Rule 4. PUBLIC PARTICIPATION IN MEETINGS OF THE BOARD OF SUPERVISORS

(a)   The policy of the Board is to permit public participation in Board meetings. No person shall address the Board without the permission of the Chairperson. The Chairperson may limit the time for presentation and the number of persons who may address the Board on any agenda item.

~~The general policy of the Board regarding public participation is as follows: two minutes per person; the Chairperson may set a limit for organized group presentations of three or more persons up to 10 minutes, and may set limits for each side when many persons request to speak on an agenda item.~~

(1)   A member of the public wishing to speak on an agenda item not on the Consent Calendar shall be given an opportunity to speak for up to two (2) minutes. If there are 10 or more speakers wishing to speak on an agenda item, the Chairperson may limit all individuals to speak for up to one (1) minute.

(2)   Agenda items on the Consent Calendar are not discussed individually; they are approved as a group by one motion. Any member of the public may comment on one or more items listed under the Consent Calendar. Each speaker shall be allowed two (2) minutes to comment on the entire Consent Calendar. The Chairperson, or any Board Member, may then briefly respond to the speaker, or request a response from a staff member, or request discussion of an item or items on the Consent Calendar. Discussion of an item, information from staff or a separate vote on any item by the Board on the Consent Calendar do not remove an item from the Consent Calendar.

(3)   Group presentations are not permitted on non-land use or non-adjudicatory matters, however the Chairperson may allow such presentations during any particular meeting or a particular item. On land use or adjudicatory matters, project applicants or appellants, separate from public comments on the item, may be allowed to make an organized group presentation of three or more persons up to 10 minutes. During the 10-minute group presentation, each individual in the group may speak for no more than four minutes.

(4)   The Chairperson may set limits for each side or aggregate time limits as appropriate when many persons request to speak on an agenda item. The Chairperson shall have discretion in setting time limits.

(5)   The Board shall provide at least twice the allotted time to a member of the public who utilizes a translator to ensure that non-English speakers receive the same opportunity to directly address the Board.

(6)   The Chairperson of a Planning or Sponsor Group is the sole official spokesperson for the group unless this responsibility is delegated in writing or otherwise

*Red underlined text depicts additions*
*Red strikethrough text depicts deletions*
*Green text depicts text was moved from another section*

11

established by majority vote of the group and communicated in writing to the Chairperson of the Board of Supervisors. Five minutes may be allowed for such presentation unless there are circumstances warranting additional time. If there is a minority report from the Planning or Sponsor Group, the Chairperson may allocate up to five minutes for such presentation. The Chairperson shall have discretion in setting time limits.

(7)     Non-Agenda Public Communication: There will be a total of ~~ten~~twenty (~~10~~20) minutes scheduled at the beginning of the Tuesday and Land Use sessions for members of the public to address the Board, each speaker to be allowed no more than two minutes, on any subject matter within the jurisdiction of the Board and which is not an item on the agenda for that session. Each speaker must file with the Clerk a written Non-Agenda Public Communication Request to Speak form prior to the scheduled opening time of the session. In the event that more than ~~five~~ten (~~5~~10) individuals request to address the Board (five individuals requesting to speak in person, five individuals requesting to speak remotely pursuant to Rule 4(c)), the first ~~five~~ten (~~5~~10) will be heard at the beginning of the session. The remaining speakers will be heard at the conclusion of the session and granted two (2) minutes each. The Chairperson shall have discretion to allow more than ~~five~~ten (~~5~~10) individuals to speak at the beginning of the session. Any person filing a Public Communication Request to Speak form after the time deadline established by this subsection shall not be allowed to make a presentation to the Board. All issues raised by a speaker will be automatically referred to the Chief Administrative Officer. No other action may be taken by the Board at this time.

(8)     Members of the public that wish to show a presentation or video must bring their own computer or tablet for presentations and the necessary equipment to connect to the appropriate input on the podium or must make arrangements to submit the presentation to the Clerk of the Board of Supervisors no later than 24-hours prior to the meeting, eliminating potential technical issues. The Clerk of the Board of Supervisors shall provide connectivity guidelines on the Clerk of the Board of Supervisors' website.

(b)     Any person wishing to speak to the Board on a specific agenda item must file with the Clerk a written Request to Speak form prior to the scheduled opening time of the session or prior to the time that public comment begins on the item if the item has not been adopted without discussion. No person may yield speaking time to another person. Any person who does not wish to speak to the Board but wishes to have the record reflect a position in favor or in opposition to an agenda item may do so by indicating the same on the Request to Speak form. If an agenda item is set for a specific time, a written Request to Speak form must be filed prior to the time that public comment begins on the item. Due to the need to facilitate public comment at the meeting, submission of unintelligible, profane, deceptive, confusing or other information on Request to Speak forms that may interfere with the orderly processing of speakers may preclude a member of the public from speaking during that particular public comment period.

*Red underlined text depicts additions*
*Red strikethrough text depicts deletions*                                                                12
*Green text depicts text was moved from another section*

(c)     In addition to providing public comments in person at Board of Supervisors meetings, the Clerk of the Board of Supervisors shall provide the ability for members of the public to address the Board of Supervisors remotely via a telephonic or other Internet-based service option at regular meetings. Individuals requesting to speak remotely must follow the same rules as in-person speakers and submit requests to speak through an online form in accordance with Rule 4(b).

(d)     The Board wishes to ensure that business is conducted in an orderly fashion and that all have an equal opportunity to observe and participate in the proceedings. Each person who addresses the Board of Supervisors shall not use loud, threatening, profane, or abusive language that disrupts, disturbs, or otherwise impedes the orderly conduct of the Board meeting. Any such language or any other disorderly conduct that disrupts, disturbs, or otherwise impedes the orderly conduct of the Board meeting is prohibited.

(e)     The Chairperson may rule that a speaker is impeding the orderly conduct of the meeting if the comment is "off topic," or otherwise unrelated to the agenda item under consideration, or if the speaker's conduct violates any other provision in these Rules of Procedure, and the speaker may forfeit their remaining time on that item.

(f)     No person in the audience at a Board meeting shall engage in conduct that disrupts the orderly conduct of any meeting, including, but not limited to, the utterance of loud or threatening language, whistling, clapping, stamping of feet, speaking over or interrupting the recognized speaker, repeated waving of arms or other disruptive acts.

(g)     The Chairperson has the authority to issue a warning to a person violating the Rules. If the person continues to violate the Rules and disrupt the meeting, the Chairperson may order that person to leave the meeting. If the person does not timely leave the meeting, the Chairperson may order the Sheriff to remove the person from the meeting.

(h)     Any person removed from a meeting shall be excluded from further attendance at the remainder of the meeting. The exclusion from the meeting shall be enforced by the Sheriff upon being so directed by the Chairperson.

(c)(i)   In the event that any meeting of the Board is willfully interrupted or disrupted by a person or by a group or groups of persons so as to render the orderly conduct of the meeting unfeasible, the Chairperson may recess the meeting or order the person, group or groups of persons willfully interrupting the meeting to leave the meeting or be removed from the meeting.

(d)(j)   Placards, banners, signs, flags, or other large objects designed to interrupt or disrupt the orderly conduct of the meeting are not permitted in the Chambers.

(e)(k)   In the event that any meeting is willfully interrupted or disrupted by a person or by a group or groups of persons so as to render the orderly conduct of such meeting unfeasible and order cannot be restored by the removal of the person or persons willfully interrupting or disrupting the meeting, the Chairperson may recess the meeting or order

*Red underlined text depicts additions*
*Red strikethrough text depicts deletions*                                                                    13
*Green text depicts text was moved from another section*

the meeting room cleared and continue in session. Only matters appearing on the posted agenda may be considered in such a session. Duly accredited representatives of the press or other news media, except those participating in the disturbance, shall be allowed to attend or remain in the meeting.

(f)(a) ~~There will be a total of ten (10) minutes scheduled at the beginning of the Tuesday and Land Use sessions for members of the public to address the Board, each speaker to be allowed no more than two minutes, on any subject matter within the jurisdiction of the Board and which is not an item on the agenda for that session. Each speaker must file with the Clerk a written Public Communication Request to Speak form prior to the scheduled opening time of the session. In the event that more than five (5) individuals request to address the Board, the first five (5) will be heard at the beginning of the session. The remaining speakers will be heard at the conclusion of the session and granted two (2) minutes each. The Chairperson shall have discretion to allow more than five (5) individuals to speak at the beginning of the session. Any person filing a Public Communication Request to Speak form after the time deadline established by this subsection shall not be allowed to make a presentation to the Board. All issues raised by a speaker will be automatically referred to the Chief Administrative Officer. No other action may be taken by the Board at this time.~~

(l)    If any person makes discriminatory or harassing remarks (defined below as used in the Rules of Procedure) at a public meeting, the Chairperson may take the following actions:

    (1)    The Chairperson shall read, at Chairperson's option, the County's policy regarding discrimination and harassment (below), into the record. The Chairperson shall state that comments in violation of County policy will not be condoned, and inform the speaker that their language is unwanted, unwelcome and/or inappropriate, and that they interfere with the ability of those present to listen and understand; and

    (2)    the Chairperson shall further state than any County employee who is offended or otherwise does not wish to attend due to the remarks is excused from attendance at the meeting during the remarks; and

    (3)    the speaker's time will be held during the Chairperson's admonishment and the speaker will receive their full allotment of time, unless the speaker's comments continue to disturb, disrupt, or impede the orderly conduct of the meeting; and

    (4)    the speaker will be allowed to continue after the admonishment.

    (5)    The Chairperson may call a recess to allow staff or public to leave and/or provide de-escalation.

    (6)    After the speaker, any Supervisor may make brief response to such comments, if desired.

*Red underlined text depicts additions*
*Red strikethrough text depicts deletions*                                                              14
*Green text depicts text was moved from another section*

Definition: "Discriminatory or harassing remarks" includes legally protected speech in a Board meeting that disparages an individual or group based on their perceived race, religion, sexual orientation, ethnicity, gender, disability, etc, or other hate speech but does not rise to the level of a criminal threat or inciting violence.

Policy Against Discrimination and Harassment (from County's Code of Ethics): "The County is committed to a work environment free from unlawful discrimination and harassment, including sexual, racial, religious, age, disability, or any other form of discrimination or harassment."

(m)   The County wishes to promote civil discourse in public discussion and debate, and hereby adopts as its expression of conduct that should be aspired to by all participants in public meetings the attached "Code of Civil Discourse" from the National Conflict Resolution Center.

*Red underlined text depicts additions*
*Red strikethrough text depicts deletions*
*Green text depicts text was moved from another section*

## Rule 5. NOMINATION AND SELECTION OF CHAIRPERSON, VICE CHAIRPERSON AND CHAIRPERSON PRO TEM OF THE BOARD OF SUPERVISORS AND STATE OF THE COUNTY ADDRESS

(a)     The officers of the Board are the Chairperson, the Vice Chairperson and the Chairperson Pro Tem. The nominations for and selection of Chairperson, Vice Chairperson and Chairperson Pro Tem for the ensuing year shall be accomplished by the Board within 30 days of the first regularly scheduled meeting in January. No nominations or selections shall be accomplished until after any newly elected Supervisors have taken office.

(b)     The method of nomination and selection of Chairperson, Vice Chairperson and Chairperson Pro Tem will be at the discretion of the Board.

(c)     The Chairperson, Vice Chairperson and Chairperson Pro Tem shall be selected for a period of one year, or until such time as a successor has been selected by the Board pursuant to these Rules. In the event of a vacancy, the Board shall fill the vacancy within 30 days from the date of such vacancy.

(d)     During the absence of the Chairperson, the Vice Chairperson shall preside. In the event that both the Chairperson and Vice Chairperson are absent, the Chairperson Pro Tem will preside.

(e)     In the event that the office of Chairperson, Vice Chairperson, or Chairperson Pro Tem becomes vacant, the Board, within 30 days from the date of such vacancy, will select one of its Members to fill that office.

(f)     The State of the County Address by the Chairperson shall be scheduled for a date, time, and place at the discretion of the Chairperson giving the address.

*Red underlined text depicts additions*
*Red strikethrough text depicts deletions*
*Green text depicts text was moved from another section*                                    16

## Rule 6. MOTIONS DURING MEETINGS OF THE BOARD OF SUPERVISORS

(a)    Action of the Board shall be taken by motion. Any action of the Board may be proposed by the motion of any Member. Such a motion, if seconded by any Member, shall be on the floor and must be considered. If a motion is not seconded, the motion fails for lack of a second, and shall be so declared by the Chairperson.

(b)    A motion may be withdrawn by its maker at any time before adoption or rejection, with the consent of the second. Absent the consent of the second, the motion shall remain on the floor. The second to a motion may be withdrawn by the second at any time before adoption or rejection of the motion. Upon withdrawal of the second, the motion will be lost for lack of a second and so declared by the Chairperson unless seconded by another Member.

(c)    The Chairperson shall recognize Members of the Board who desire to obtain the floor to speak in the order that they request to speak through the electronic Board Member request to speak system. Once the Chairperson has recognized the right of a Member to speak, the Chairperson shall protect the speaker from disturbance or interference. The Chairperson, when the interest of the Board requires, may permit a Member to be interrupted.

(d)    When a question or "original motion" is under debate, no motion shall be received unless:

   1.    To adjourn
   2.    To lay on the table
   3.    To consider the previous question
   4.    To postpone to a certain date
   5.    To commit to committee
   6.    To amend
   7.    To postpone indefinitely

   These motions shall have preference in the above order.

(e)    A motion on the floor may be amended by motion at any time before adoption or rejection. If the motion to amend fails, the original motion will be voted upon. If the motion to amend passes, the amendment is adopted and, thereafter, the original motion, as amended, will be voted upon.

(f)    After a motion has been seconded, any Member may discuss the subject of the motion. When no Member wishes to discuss the motion further, the Chairperson shall call for a vote on the motion. At any time after a motion has been seconded, any Member who has the floor may call for the question. The Chairperson may call for the vote if it appears that further discussion will be repetitious or that a majority of the Members present concur in the call.

*Red underlined text depicts additions*
*Red strikethrough text depicts deletions*
*Green text depicts text was moved from another section*

17

(g)     At any time after a motion has been seconded, any Member may move to table the motion. If the motion to table is seconded, the Chairperson shall forthwith call for a vote on such motion. A motion to table shall include all amendments to the original motion. A motion to table an item is not debatable and no further discussion or debate shall be permitted on either the original motion or the motion to table. If the motion to table does not pass, consideration of the original motion will continue. If the motion to table does pass, the original motion will remain on the floor but may not again be considered at that session unless a motion to remove the original motion from the table is passed. The original motion may then be considered and voted upon at the next regular meeting of the Board unless again tabled. If not considered at such meeting, it will be deemed lost. For the purposes of this subsection, an adjourned meeting shall be considered a separate meeting.

(h)     A motion to adjourn or a motion to fix time of adjournment shall be decided with debate.

(i)      A motion to consider the previous question shall preclude all amendment from debate to the main question and shall be put in the form "shall the main question be put to a vote."

(j)      A Member called to order shall relinquish the floor unless permitted to explain, and the Board, if appealed to, shall decide on the case, but without debate. If there is no appeal, the decision of the Chairperson shall be final.

(k)     Any member of the Board who votes in the majority on a question, as well as any member who while serving as a member was absent for a vote on a question, is eligible to make a motion to reconsider.

A motion to reconsider shall be in order during the meeting at which the action to be reconsidered took place, provided members of the public in attendance during the original action are still present in the session. In all other cases, motions for reconsideration must be placed on a future agenda for action.

Unless a member was absent, a motion to reconsider must be placed on the agenda for the next regular Board meeting. A member who was absent must place a motion to reconsider on the agenda for the next regular Board meeting after the regular Board meeting at which that member was absent.

A motion to reconsider shall require a majority vote. A motion to reconsider, if lost, shall not be renewed and an action shall not be reconsidered a second time except by a 4/5th vote of the Board.

(l)      A motion to commit to committee shall specify the purpose of the committee, the length of time the committee shall serve, and the times and methods by which the committee shall report to the Board.

*Red underlined text depicts additions*
*Red strikethrough text depicts deletions*
*Green text depicts text was moved from another section*

18

## Rule 7. RETENTION OF EXHIBITS AND DOCUMENTARY MATERIAL RECEIVED IN HEARINGS BEFORE THE BOARD OF SUPERVISORS

(a)   Hearings required by law - In hearings required by law (such as hearings on Planning and Zoning matters on applications for variances, special use permits, reclassification of zones, and amendments to General Plan for which a hearing is required by statute or ordinance) the following rules shall apply:

   (1)   Subject to the conditions stated below, in (3) and (4) of this subsection, all exhibits, including documentary materials such as photographs, drawings, maps, plats, letters, petitions and other physical evidence received by the Board at hearings shall be retained by the Clerk as part of the record of the hearings. To the extent possible, the Clerk may furnish copies of such material to persons requesting them upon payment of the fee prescribed by the San Diego County Administrative Code for copies of public records.

   (2)   All exhibits received by the Board will be marked for purposes of identification. Exhibits filed with the Board by County staff personnel will be marked by numbers in the order received: numbers 1, 2, 3, etc. Exhibits filed with the Board by persons other than County staff personnel will be marked by letters in the order received: A, B, C, etc. References to exhibits filed with the Board will be by the numbered or lettered designations assigned to them.

   (3)   Exhibits filed with the Board may be released by the Clerk under the following conditions:

      (a)   At the conclusion of a hearing where the Board has authorized the release of exhibits to the parties who submitted them.

      (b)   At the conclusion of a hearing or during a continuance of a hearing, if for good cause the Board has authorized a person other than the Clerk to retain custody of the exhibits, such person shall assume responsibility for custody and preservation of the exhibits and shall keep and maintain the exhibits for further proceedings or until otherwise directed by the Board.

   (4)   The Clerk will not be required to retain permanent exhibits, such as aerial photographs, used by County departments in the conduct of their regular activities. Such exhibits will be identified for the record and their specific use and purpose noted in the record by the Clerk.

(b)   Hearings not required by law - In consideration of matters where hearings are not required or specifically provided for by law, such as discussion of routine Board agenda items, and in Board conferences, the following rules shall apply:

*Red underlined text depicts additions*
*Red strikethrough text depicts deletions*
*Green text depicts text was moved from another section*

19

(1)    Documentary materials such as photographs, drawings, maps, plats, letters, petitions and other documentary or physical materials received by the Board from any person may be returned by the Clerk to such person at the conclusion of the hearing unless (i) an objection is raised by an interested person and the Board determines that the return of such evidence would prejudice the rights of the objector, or (ii) the Clerk determines that the retention of such materials is necessary for the preservation of the record of the meeting. To the extent possible, the Clerk may furnish copies of materials retained by the Clerk to persons requesting them upon payment of the fee prescribed by the San Diego County Administrative Code for copies of public records.

*Red underlined text depicts additions*
*Red strikethrough text depicts deletions*
*Green text depicts text was moved from another section*

20

## Rule 8. CONFERENCES OF THE BOARD OF SUPERVISORS

(a)  Conferences of the Board may be scheduled by the Chairperson to be held at any regular or special meeting. The agenda for any conference shall be approved by the Chairperson.

(b)  Conferences shall be for the purpose of providing the Board information submitted by County staff or by those of the public invited by the Board or County staff to address the Board at such conference.

## Rule 9. OVERRULING THE CHAIRPERSON OF THE BOARD OF SUPERVISORS

A decision of the Chairperson with respect to the interpretation, applicability or enforcement of these Rules may be overruled by a majority vote of the Members present.

## Rule 10. CEREMONIAL FUNCTIONS AND PROCLAMATIONS

The Chairperson is authorized to represent the County at ceremonial functions, proclamation ceremonies, and other similar events when the Board has not otherwise designated one of its Members to represent the County. The Chairperson shall coordinate the representation of the County by other Members at such events.

## Rule 11. SUSPENSION OF RULES OF PROCEDURE

Any rule of the Board may be suspended temporarily, upon approval of the majority of the Board. The temporary suspension shall apply only to the matter under immediate consideration and, in no case, shall it extend beyond an adjournment.

## Rule 12. AMENDMENT OF RULES OF PROCEDURE

No rule of the Board shall be adopted or amended except by resolution adopted by the Board.

## Rule 13. POLICIES TO IMPLEMENT RULES OF PROCEDURE

The Board may adopt policies to implement provisions of these Rules.

## Rule 14. PARLIAMENTARY PROCEDURE

These Rules shall govern the proceedings of the Board. In all situations not covered by these Rules or any provision of law, the authority shall be Robert's Rules of Order, Newly Revised. The Clerk of the Board shall serve as Parliamentarian.

*Red underlined text depicts additions*
*Red strikethrough text depicts deletions*
*Green text depicts text was moved from another section*

21

## Log of Amendments

Rules of Procedure adopted by the Board of Supervisors October 27, 1970, No. 69.

Amended (Section 1) December 19, 1970, No. 84.
Amended (Section 10) October 26, 1971, No. 62.
Amended (Section 1) August 21, 1973, No. 70, effective September 20, 1973.
Amended by adopting Robert's Rules of Order, Revised, as supplement to Rules of Procedure, March 22, 1974, No. 11.
Amended (Sections 2, 10 and 11 and added Section 14) March 18, 1975, No. 3.
Amended (Added, deleted and/or reorganized or renumbered complete Rules of Procedure) April 29, 1975, No. 72.
Amended (Section 2) July 15, 1975, No. 57, effective July 30, 1975.
Amended (Added Section 10.5) August 26, 1975, No. 7.
Amended (Section 2) September 2, 1975, No. 5.
Amended (Section 7 and eliminated Section 6) October 1, 1975, No. 15.
Amended (Section 1) October 1, 1975, No. 20.
Amended (Section 1) November 4, 1975, No. 95.
Amended (Section 15) January 20, 1976, No. 52.
Amended (Section 15) February 10, 1976, No. 73.
Amended (Section 13) June 15, 1976, No. 18, effective November 25, 1976.
Amended (Section 15) October 5, 1976, No. 108.
Amended (Section 2) October 19, 1976, No. 59, effective November 25, 1976.
Repealed (Section 17) December 7, 1976, No. 10, effective January 7, 1977.
Added (Section 17) February 1, 1977, No. 26.
Amended (Sections 1, 2 and 12) May 3, 1977, No. 39.
Amended (Section 15) September 27, 1977, No. 45.
Amended (Sections 2 and 20) January 31, 1978, No. 59.
Amended (Section 15) March 21, 1978, No. 164.
Amended (Sections 2 and 17) April 25, 1978, No. 8.
Amended (Section 13) August 8, 1978, No. 3.
Amended (Sections 1, 2, 12 and 17) March 6, 1979, No. 6.
Amended (Sections 2 and 12) May 15, 1979, No. 10.
Amended (Section 15) August 21, 1979, No. 45.
Amended (Section 2) November 13, 1979, No. 14, effective January 7, 1980.
Amended (Section 15) March 11, 1980, No. 9.
Amended (Section 15) July 15, 1980, No. 10.
Amended (Section 2) March 15, 1983, No. 5, effective April 21, 1983.
Amended (Section 1) July 3, 1984, No. 10.
Amended (Section 2) January 28, 1986, No. 88.
Amended (Added, deleted, reorganized, and renumbered complete Rules of Procedure) April 22, 1986, No. 3.
Amended (Section 5(f)) September 17, 1986, effective October 24, 1986.
Amended (various rules) April 7, 1987, No. 25.
Amended (various rules) March 8, 1988, No. 7A.

*Red underlined text depicts additions*
*Red strikethrough text depicts deletions*
*Green text depicts text was moved from another section*

22

Amended (Added, deleted, reorganized, and renumbered complete Rules of Procedure) March 14, 1989, No. 40.

Amended (Rules 1 and 2) July 18, 1989, No. 73.

Amended (various rules) April 24, 1990, No. 20.

Amended (various rules) January 9, 1991, No. 22.

Amended (Rules 1, 2, 3 and 4) February 4, 1992, No. 30.

Amended (Rule 2 (h), deleted (i), renumbered (j), (k) and (l)), July 1, 1992, No. 7, effective July 31, 1992.

Amended (Rules 1, (c), 3 (a), (c) and 4 (a)), March 2, 1993, No. 26, effective March 2, 1993.

Amended (Rules 1 (c), 2 (b), 2 (d), 2 (j), 3 (a), (b), (d), and (e), 4 (h)), April 19, 1994, No.38, effective April 19, 1994.

Amended (Rules 2 (b), 2 (j), 2 (k), 3 (b), 3 (c), 3 (e), added 3 (f); 4 (a); deleted 4 (c), renumbered; and amended 4 (f) added 6 (d), (h), (i), (j), and (l) and renumbered; deleted 8 (c) and (d); amended 11 and 14)), effective January 4, 1995 (2).

Amended (Rule 3 (c)), effective January 3, 1996 (2).

Amended (Rules 1 (a), 1 (b), 3 (a), 3 (b), 3 (d), 4 (f)), effective January 7, 1997 (1).

Amended (Rules 1 (a), 1 (b) 2 (d), 3 (a), 3 (b), 3 (d)), effective January 6, 1998 (3).

Amended (Rules 2 (b), 3 (c), effective September 22, 1999 (7)

Amended (Rules 2 (b), effective January, 23, 2001 (26)

Amended (Rules 1 (a), 1 (c), 2 (b), 2 (d), 3 (a), 3 (d), 3 (f), 4 (f), 6 (c), 6 (k), effective November 5, 2013).

Amended (Rule 1 (a), effective January 28, 2014).

Amended (Rules 1, 2, 3, 4, and 6), effective April 21, 2015.

Amended (Rule 4 (a)) on November 15, 2016 (15); effective January 1, 2017.

Amended (Rules 1(a), 1(c), 1(d), 2(a), 2(k), 3(a), 3(b), 3(c), 3(d), 3(e), 4(a), 4(b), 4(f), 6(k), effective June 8, 2021.)

Amended (Rules _____, effective November 10, 2021.)

*Red underlined text depicts additions*
*Red strikethrough text depicts deletions*                                                    23
*Green text depicts text was moved from another section*

# THE CODE OF CIVIL DISCOURSE

We believe that the respectful and constructive airing of different points of view is critical to successful dialogue.

We pledge to engage in respectful and constructive civil discourse, therefore:

 We will promote an inclusive environment where diverse perspectives are shared and considered;

 We will listen attentively and ask questions to understand others' positions;

 We will show respect for ideas and views presented, even where we disagree;

 We will explain our positions by fairly presenting the reasons for them; and,

 We will avoid personal attacks or other tactics that distract attention from the salient issues.



**NCRC**

**NATIONAL CONFLICT RESOLUTION CENTER.**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| BRIGGS LAW CORPORATION [File No. 2060.01] <br> Cory J. Briggs (SBN 176284) <br> 99 East "C" Street, Suite 111 <br> Upland, CA 91786 <br> TELEPHONE NO.: 909-949-7115   FAX NO.: 909-949-7121 <br> ATTORNEY FOR *(Name):* Plaintiff Project for Open Government | **ELECTRONICALLY FILED** <br> Superior Court of California, <br> County of San Diego <br><br> 12/15/2021 at 03:12:36 PM <br> Clerk of the Superior Court <br> By Andrea Naranjo,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice

CASE NAME:
Project for Open Government v. County of San Diego et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 37-2021-00052364-CU-MC-CTL |
|---|---|---|---|---|
| ✓ **Unlimited** (Amount demanded exceeds $25,000) | **Limited** (Amount demanded is $25,000 or less) | ☐ **Counter**   ☐ **Joinder** <br> Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: Judge Joel R. Wohlfeil <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
✓ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ✓ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☐ monetary   b. ✓ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* Two
5. This case ☐ is ✓ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 15, 2021

Cory J. Briggs
_____
(TYPE OR PRINT NAME)

▶ *Cory J. Briggs*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courtinfo.ca.gov |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT**
*(AVISO AL DEMANDADO):*

COUNTY OF SAN DIEGO; and DOES 1 through 100

**YOU ARE  EING SUED  Y PLAINTIFF**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

PROJECT FOR OPEN GOVERNMENT

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**12/15/2021** at 03:12:36 PM

Clerk of the Superior Court
By Andrea Naranjo,Deputy Clerk

**NOTICE** You have been sued. The court may decide against you without your being heard unless you respond within  0 days. Read the information below.

You have  0 CAL NDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal re uirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of  10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado.  Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Diego County Superior Court

330 West Broadway
San Diego, CA 92101

CAS  N  M B R:
*(Número del Caso):*

37-2021-00052364-CU-MC-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Briggs  aw Corporation, Cory J. Briggs,     ast "C" Street, Suite 111,    pland, C    1   ,  0    115

DAT :  12/16/2021
*(Fecha)*

Clerk, by   A. Naranjo    , Deputy
*(Secretario)*          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED**  You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

☐ on behalf of (specify):

under: ☐ CCP  16.10 (corporation)      ☐ CCP  16.60 (minor)
        ☐ CCP  16.20 (defunct corporation)   ☐ CCP  16. 0 (conservatee)
        ☐ CCP  16. 0 (association or partnership)  ☐ CCP  16. 0 (authori ed person)

☐ other (specify):
☐ by personal delivery on (date):

**Page 1 of 1**

Form Adopted for Mandatory  se
Judicial Council of California
S  M-100  Rev. July 1, 200

**SUMMONS**

*Code of Civil Procedure    12.20,  65*
*www.courtinfo.ca.gov*

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | |
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7073 |

| | |
|---|---|
| PLAINTIFF(S) / PETITIONER(S): | Project for Open Government |
| DEFENDANT(S) / RESPONDENT(S): | County Of San Diego |

PROJECT FOR OPEN GOVERNMENT VS

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: 37-2021-00052364-CU-MC-CTL |
|---|---|

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge:  Joel R. Wohlfeil                                    Department: C-73

## COMPLAINT/PETITION FILED: 12/15/2021

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 05/20/2022 | 01:30 pm | C-73 | Joel R. Wohlfeil |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.**  Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC.  (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint.  An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint.  A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed.  If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6).  If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date.  See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged.  The court encourages and expects the parties to consider using ADR options prior to the CMC.  The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

# NOTICE OF E-FILING REQUIREMENTS
# AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases.  Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing.  E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court.  All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program."  This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain.  The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150.  Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed.  Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| **Cory J. Briggs SBN 176284**<br>**Briggs Law Corporation**<br>**99 East C Street Suite 111**<br>**Upland, CA 91786**<br><br>TELEPHONE NO.: **(909) 949-7115**     FAX NO. *(Optional):*<br><br>E-MAIL ADDRESS *(Optional):* **Cory@briggslawcorp.com**<br>ATTORNEY FOR *(Name):*     **Plaintiff** | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**01/04/2022** at 10:43:00 AM<br>Clerk of the Superior Court<br>By E- Filing,Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO - CENTRAL |
|---|
| STREET ADDRESS: 330 W. Broadway<br>MAILING ADDRESS: 330 W. Broadway<br>CITY AND ZIP CODE: San Diego, CA 92101<br>BRANCH NAME: SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO - CENTRAL |

| PLAINTIFF/PETITIONER:  Project for Open Government | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  County Of San Diego | 37-2021-00052364-CU-MC-CTL |

| **PROOF OF SERVICE SUMMONS** | Ref. No. or File No.:<br>2060.01 |
|---|---|

(Separate proof of service is required for each party served.)

1. At the time of service I was at least 18 years of age and not a party to this action.                    BY FAX

2. I served copies of:  ***Summons; Complaint; Civil Case Cover Sheet; Notice of Case Assignment; Notice to Litigants; ADR Information Packet***

3.  a.  Party served *(specify name of party as shown on documents served):* ***County Of San Diego***

   b.  ☒  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):* **By Serving Helen Robbins-Meyer, Agent for Service**

4. Address where the party was served: ***1600 Pacific Highway, Room 260,  San Diego , CA 92101***

5. I served the party *(check proper box)*
   a.  ☐  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on:  (2) at:
   b.  ☒  **by substituted service.** On: **12/20/2021** at: **10:10 AM** I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*
   **Marylyn Gines**
   **Board Assistant**

   (1)  ☒  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2)  ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3)  ☐  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4)  ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents:
   *on:*      *from:*      **or**  ☒ a declaration of mailing is attached.

**Page 1 of 3**

| POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | |
|---|---|---|

| PLAINTIFF/PETITIONER: Project for Open Government | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: County Of San Diego | 37-2021-00052364-CU-MC-CTL |

(5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

5.    c. ☐    **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

     (1) on*:*             (2) from*:*

     (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

     (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐   **by other means** *(specify means of service and authorizing code section):*

     ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

   a. ☐ as an individual defendant.

   b. ☐ as the person sued under the fictitious name of *(specify):*

   c. ☐ as occupant.

   d. ☒ On behalf of *(specify):* **County Of San Diego**
      under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☒ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

   a. Name: **William Quinones**

   b. Address: **15345 Fairfield Ranch Rd  Suite 200, Chino Hills, CA 91709**

   c. Telephone number: **909-664-9577**

   d. **The fee** for service was: **$110.00**

   e. I am:

     (1) ☐ not a registered California process server.

     (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

     (3) ☒ a registered California process server:

       (i) ☐ owner   ☐ employee   ☒ independent contractor.

       (ii) Registration No.: **3216**

       (iii) County: **San Diego**

| PLAINTIFF/PETITIONER: Project for Open Government<br>DEFENDANT/RESPONDENT: County Of San Diego | CASE NUMBER:<br>37-2021-00052364-CU-MC-CTL |
| --- | --- |

8.  ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



_____
**William Quinones**                    Date: **12/27/2021**

**PROOF OF SERVICE OF SUMMONS**

**Invoice#: 5295755**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| **Cory J. Briggs SBN 176284**<br>**Briggs Law Corporation**<br>**99 East C Street Suite 111**<br>**Upland, CA 91786**<br>ATTORNEY FOR   **Plaintiff** | **(909) 949-7115** | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO - CENTRAL<br>330 W. Broadway<br>San Diego, CA 92101 |
|---|

| SHORT TITLE OF CASE:<br>Project for Open Government v. County Of San Diego |
|---|

| DATE:<br>05/20/2022 | TIME:<br>1:30 PM | DEP./DIV.<br>73 | CASE NUMBER:<br>37-2021-00052364-CU-MC-CTL |
|---|---|---|---|
| | **Proof of Service by Mail** | | Ref. No. or File No:<br>2060.01 |

**BY FAX**

I am over 18 years of age and **not a party to this action**. I am a resident of or employed in the county where the mailing took place.

On **12/27/2021** after substituted service under section C.C.P. 415.20(a), 415.20(b), or 415.95(a) was made, I served the within:

*Summons; Complaint; Civil Case Cover Sheet; Notice of Case Assignment; Notice to Litigants; ADR Information Packet*

On the defendant, in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon pre-paid for first class in the United States mail At: **Chino Hills**, California, addressed as follows:

**County Of San Diego**
**Attn: Helen Robbins-Meyer, Registered agent**
**1600 Pacific Highway, Room 260,   San Diego , CA 92101**


Person attempting service:
  a. Name: **Patricia Gonzalez**
  b. Address: **15345 Fairfield Ranch Rd  Suite 200, Chino Hills, CA 91709**
  c. Telephone number: **909-664-9577**
  d. **The fee** for this service was: **110.00**
  e. I am:
    (3) [X] a registered California process server:
        (i) [X] **Employee**
        (ii) Registration No.: **1086**
        (iii) County: **San Bernardino**


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



*Patricia Gonzalez*

_____
**Patricia Gonzalez**          Date: **12/27/2021**