UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROJECT FOR OPEN GOVERNMENT,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO,<br><br>Defendant. | Case No.: 22-cv-00067-AJB-MDD<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS AND DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE REMAINING STATE LAW CLAIMS**<br><br>**(Doc. No. 3)** |

Before the Court is the County of San Diego's ("Defendant" or "County") motion to dismiss Project for Open Government's ("Plaintiff") Complaint. (Doc. No. 3.) Plaintiff filed an opposition, to which Defendant replied. (Doc. Nos. 7, 8.) For the reasons set forth below, the Court **GRANTS IN PART** Defendant's motion to dismiss and **REMANDS** the remaining state law claims to San Diego Superior Court.

**I.   BACKGROUND**

Plaintiff filed a Complaint in San Diego Superior Court, alleging that Defendant violated the United States Constitution, California Constitution, and California's open-government laws when the County Board of Supervisors ("Board") adopted Resolution No. 21-174 ("Resolution"). (Doc. No. 1-2, Compl. at ¶¶ 5, 10, 14.) The

Resolution states that the Board "desires to make necessary changes to its Rules of Procedures to promote more equitable, civilized public engagement while continuing to honor the rights of all under the First amendment and free speech principles."[1] (Doc. No. 1-2, Exh. A at 9.)[2] To that end, the Resolution approved amendments to the Board's Rules of Procedures during public meetings. (*Id.*)

Plaintiff's Complaint challenges these changes, claiming the amendments to Rule 4(l) "violate the free-speech rights of members of the public who desire to address the [Board] during public meetings, in violation of the federal and state constitutions" and are "impermissibly vague." (*Id.* ¶ 10.) Plaintiff also alleges the changes to Rule 4(a)(2) "violate state open-government laws applicable to the [Board] during public meetings." (*Id.* ¶ 14.) Defendant timely removed the case to federal court and thereafter filed the instant motion to dismiss the Complaint. (Doc. Nos. 1, 3.)

## II.   LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). To determine the sufficiency of the complaint, the court must assume the truth of all factual allegations therein and construe them in the light most favorable to the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). This tenet, however, does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court may dismiss a complaint

---

[1] Plaintiff attached to its Complaint, a copy of the Resolution and Rules at issue. As exhibits attached to the Complaint, these materials are appropriate for the Court's consideration in adjudicating the present motion. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

[2] Unless otherwise indicated, the pinpoint page citations in this Order refer to the ECF-generated page numbers the top of each filing.

under Rule 12(b)(6) if "the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

## III.   DISCUSSION

Defendant moves to dismiss the entirety of Plaintiff's Complaint. With respect to Plaintiff's First Amendment claim, Defendant argues that Rule 4(l): (1) does not regulate or restrict public speech, (2) is a proper exercise of the Board's free speech rights, and (3) is not unconstitutionally vague. The Court discusses these arguments in turn.

Rule 4(l) provides that if a person makes discriminatory or harassing remarks at a public meeting, the Chairperson may interrupt and admonish the speaker by taking the following actions: (1) stating the County's policy regarding discrimination and harassment, (2) stating that comments in violation of County policy will not be condoned, and (3) inform the speaker that their language is unwanted, unwelcome and/or inappropriate, and that they interfere with the ability of those present to listen and understand. (Doc. No. 1-2 at 24.) The Rule defines "discriminatory or harassing remarks" as including "legally protected speech in a Board meeting that disparages an individual or group based on their perceived race, religion, sexual orientation, ethnicity, gender, disability, etc. or other hate speech but does not rise to the level of a criminal threat or inciting violence." (*Id.*) The Rule states that during the admonishment, the speaker's time will be held, and the speaker will receive their full allotment of time and be allowed to resume speaking after the admonishment. (*Id.*) If the speaker's comments "continue to disturb, disrupt, or impede the orderly conduct of the meeting," the Chairperson may have the speaker removed from the meeting. (*Id.* at 23–24.)

As an initial matter, the Court agrees with Defendant that the Board's admonishment of the speaker's discriminatory and harassing remark constitute government speech, which is not subject to scrutiny under the First Amendment's Free Speech Clause. *See Pleasant Grove City v. Summum*, 555 U.S. 460, 467 (2009) (emphasizing the Free Speech Clause "does not regulate government speech"). The United States Supreme Court has recognized

that a government entity has the right to speak for itself, is entitled to say what it wishes, and to select the views it wants to express. *See id*. at 467–68 (quoting *Board of Regents of Univ. of Wis. System v. Southworth*, 529 U.S. 217, 229 (2000), *Rosenberger v. Rector and Visitors of Univ. of Va.*, 515 U.S. 819, 833 (1995), and *Rust v. Sullivan*, 500 U.S. 173, 194 (1991)). Here, through the Resolution and adopted rule, the Board expresses its opinion that discriminatory and harassing remarks do not promote civilized public engagement and are contrary to the County's Code of Ethics. (Doc. No. 1-2 at 9, 25.) Plaintiff offered no explanation as to why the government's criticism of discriminatory or harassing remarks does not constitute government speech. As the Court of Appeals for the District of Columbia Circuit persuasively explained:

> We know of no case in which the first amendment has been held to be implicated by governmental action consisting of no more than governmental criticism of the speech's content.
> . . .
> A rule excluding official praise or criticism of ideas would lead to the strange conclusion that it is permissible for the government to prohibit racial discrimination, but not to criticize racial bias; to criminalize polygamy, but not to praise the monogamous family; to make war on Hitler's Germany, but not to denounce Nazism. It is difficult to imagine how many governmental pronouncements, dating from the beginning of the Republic, would have been unconstitutional on that view of things.

*Block v. Meese*, 793 F.2d 1303, 1313 (D.C. Cir. 1986) (internal quotations omitted). For the foregoing reasons, the Court concludes the admonishment amounts to government speech and is therefore not subject to the Free Speech Clause.

Turning to Plaintiff's challenge to the meaning of "discriminatory or harassing remarks," Plaintiff argues the inclusion of the word "etc." in the definition renders it impermissibly vague. This definition, however, merely describes the circumstances under which the Board may exercise its government speech, which as noted above, is outside the purview of the Free Speech Clause. Plaintiff's vagueness and overbreadth challenges are therefore without merit. *See Pleasant Grove*, 555 U.S. at 467–68 (If the government was "engaging in their own expressive conduct, then the Free Speech Clause has no

application."); *Pulphus v. Ayers*, 249 F. Supp. 3d 238, 254 (D.D.C. 2017) ("When the government speaks, it is free to promulgate vague guidelines and apply them arbitrarily.")

Moreover, because Rule 4(1) does not preclude individuals from resuming their remarks after the government has expressed its counter speech and preserves the full allotment of the speaker's time during the admonition, the Court does not find this aspect of the Rule a restriction on speech for purposes of a First Amendment analysis. Plaintiff's contrary argument is unavailing.

Plaintiff asserts that Rule 4(l) is unconstitutional because the First Amendment protects speech not only "from patent restraints, but also from more subtle forms of governmental interference" and cites *Huntley v. Pub. Utilities Comm'n*, 69 Cal.2d 67 (1968) in support. (Doc. No. 7 at 12.) *Huntley*, however, is distinguishable because it did not involve facts like those present in this case. In *Huntley*, the California Supreme Court considered the Public Utilities Commission's requirement that subscribers who transmitted recorded messages include in the recording their name and address. *See* 69 Cal. 2d at 70. The governmental interference in *Huntley* was a forced disclosure of information. It said nothing about whether a government's criticism of a speaker's discriminatory or harassing remark at a public meeting is actionable under the First Amendment. Because the case before this Court does not involve the compelled disclosure of information, the Court finds Plaintiff's reliance on *Huntley* misplaced.

As to Rule 4(l)'s provision permitting the Chairperson to stop a speaker's time or have the speaker removed from the meeting for "continu[ing] to disturb, disrupt, or impede the orderly conduct of the meeting," Ninth Circuit case law is clear that while the First Amendment constrains the government's power even in a limited public forum like a city council meeting, speakers may be stopped or removed if their comments are actually disruptive. *See Norse v. City of Santa Cruz*, 629 F.3d 966, 979 (9th Cir. 2010) (Kozinski, J., concurring) (collecting cases); *accord White v. City of Norwalk*, 900 F.2d 1421, 1425 (9th Cir. 1990) ("While a speaker may not be stopped from speaking because the moderator

disagrees with the viewpoint he is expressing, it certainly may stop him if his speech becomes irrelevant or repetitious.") (citation omitted).

Defendant specifically argues that Rule 4(l) is squarely in compliance with the Ninth Circuit's precedent in *White v. City of Norwalk*. There, the court considered a facial challenge to a city ordinance that permitted a city council to remove individuals from public hearings if they made "personal, impertinent, slanderous or profane remarks." 900 F.2d at 1424. The court upheld the ordinance, explaining that it was not unconstitutional on its face because "[s]peakers are subject to restriction only when their speech disrupts, disturbs, or otherwise impedes the orderly conduct of the Council meeting." *Id.* at 1426. (internal quotations omitted). The Court agrees that Rule 4(l) is akin to the ordinance upheld in *White*.

Like in *White*, the Rule at issue here is not facially unconstitutional because its language reveals that the Chairperson's ability to stop a speaker's discriminatory or harassing remarks is limited to instances where the comments actually "interfere with the ability of those present to listen and understand" and "continue to disturb, disrupt, or impede the orderly conduct of the meeting." (Doc. No. 1-2 at 24.) As Rule 4(l) is analogous to *White* in this consequential way, the Court sees no reason why *White* does not govern here. And Plaintiff offered none. Defendant's opening brief made plain its reliance on *White*, yet Plaintiff chose not to address or otherwise distinguish this case. *See generally Buggs v. Powell*, 293 F. Supp. 2d 135, 141 (D.D.C. 2003) ("[W]hen a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.").

Upon consideration of the Complaint, the Resolution and Rules attached thereto, and the controlling law, the Court finds Plaintiff has not and cannot state a First Amendment claim. *See Mendiondo*, 521 F.3d at 1104; *SmileCare Dental Grp. v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 783 (9th Cir. 1996) ("The court may dismiss a complaint as a matter of law for (1) lack of a cognizable legal theory or (2) insufficient facts under a

cognizable legal claim.) (internal quotations omitted). Accordingly, the Court dismisses without leave to amend Plaintiff's cause of action under the First Amendment of the United States Constitution.

Lastly, as the Court has dismissed Plaintiff's sole federal claim at the outset of the litigation, the Court exercises its discretion to decline exercising supplemental jurisdiction over the remaining state law claims. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("Where, as here, all federal-law claims in the action have been eliminated and only pendent state-law claims remain, the district court has a powerful reason to choose not to continue to exercise jurisdiction."); *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 911 (9th Cir. 2011) (The district court did not err "in declining to exercise supplemental jurisdiction over [plaintiff's] state law claims" when it "properly disposed of 'all claims over which it had original jurisdiction.'") (citing 28 U.S.C. § 1367(c)(3)).

## IV.  CONCLUSION

For the reasons stated herein, the Court **GRANTS IN PART** Defendant's motion to dismiss. Plaintiff's claim under the First Amendment of the United States Constitution is dismissed without leave to amend. Because the Court declines to exercise supplemental jurisdiction over the remaining state law claims, the Clerk of Court is instructed to **REMAND** the remainder of Plaintiff's Complaint to the San Diego Superior Court and close this case accordingly.

**IT IS SO ORDERED**.

Dated:  September 10, 2022

Hon. Anthony J. Battaglia
United States District Judge